UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------X
                                              :
ANAND KATTU, PATRICIA KING,
MEGHAN MIAN, and ROMESH PATEL
individually and on behalf of all others       :
similarly-situated,
                                              :
                  Plaintiffs,
                                              :
       -against-                                          **COMPLAINT**
                                              :
METRO PETROLIUM INC.,
                                              :
                  Defendant.
                                              :
------------------------------X

Plaintiffs, ANAND KATTU, PATRICIA KING, MEGHAN MIAN, and ROMESH PATEL, individually and on behalf of all others similarly-situated, states the following as their Collective and Class Action Complaint, by their counsel, Sanders & Sanders, against Defendant, METRO PETROLIUM INC. ("Metro"):

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages to redress violations of plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law § 650 et seq. ("NYLL") and 12 New York Cons., Rules and Regulations § 146 ("NYCRR") to recover unpaid hourly, overtime, and spread-of-hours compensation owed, but never paid, to plaintiffs and other persons employed by METRO PETROLIUM INC., with comparable job duties.

## JURISDICTION AND VENUE

2. This court has jurisdiction over plaintiffs' FLSA claims pursuant to FLSA, 29. U.S.C. § 216(b), under 28 U.S.C. § 1331, and under the Declaratory Judgment Statute, 28 U.S.C.

§ 2202. The court's supplemental jurisdiction is invoked on the grounds that the acts challenged are also in violation of the laws of the State of New York under 28 U.S.C. § 1367. A substantial part of the events and omissions giving rise to the claims occurred in this judicial district and Defendant conducts business through its employees, including plaintiff and some of the class members within this judicial district.

## PARTIES

3.  At all relevant times, plaintiff Anand Kattu was a resident of New York State and was employed by Metro in Buffalo, New York. He began his employment in 1999 and continued until May, 2009. Throughout the relevant time period, plaintiff was an "employee" for purposes of FLSA, 29 U.S.C. §203(e) and NYLL.

4.  At all relevant times, plaintiff Patricia King was a resident of New York State and was employed by Metro in Buffalo, New York. She began her employment in 2008 and continued until 2009. Throughout the relevant time period, plaintiff was an "employee" for purposes of FLSA, 29 U.S.C. §203(e) and NYLL.

5.  At all relevant times, plaintiff Meghan Mian was a resident of New York State and was employed by Metro in Buffalo, New York. She worked for Metro for a time in 2002, again in 2006 into 2007 and most recently in 2008. Throughout the relevant time period, plaintiff was an "employee" for purposes of FLSA, 29 U.S.C. §203(e) and NYLL.

6.  At all relevant times, plaintiff Romesh Patel was a resident of New York State and was employed by Metro in Buffalo, New York. He worked for Metro beginning in January 2009 up to and until November 2011. Throughout the relevant time period, plaintiff was an "employee" for purposes of FLSA, 29 U.S.C. §203(e) and NYLL.

7. At all relevant times, Defendant, Metro, was a domestic business corporation organized and existing under the laws of the State of New York, headquartered in Catskill, New York and engaged in business in Erie County. Defendant has a retail location located at 389 Fillmore Ave., Buffalo, NY 14206, which sells gasoline, cigarettes, lottery tickets, and groceries and cashes checks. Defendant is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce," as those phrases defined and used in the FLSA, 29 U.S.C. § 203 and the NYLL.

8. At relevant times, plaintiffs were employed by Defendant. Similarly-situated employees have performed similar work to plaintiffs during the relevant period.

## STATEMENT OF CLAIM

9. Plaintiffs were each employed by Defendant and at times worked together during the same period. They each performed duties ranging from waiting on customers and operating the cash register, to stocking shelves and ordering supplies.

10. Plaintiffs worked approximately 12 hours per day for 7 days a week throughout their employment. Plaintiffs did not work fewer than 10 hours per day and occasionally worked double shifts of up to 24 hours in a day.

11. Plaintiffs were not paid overtime wages.

## PLAINTIFF KATTU

12. Plaintiff Kattu agreed to work for Defendant in one of Defendant's gas and grocery stores at a pay rate of $22.25 an hour. Plaintiff worked for Defendant beginning in or about 1999 up to May 2009.

3

13. This pay rate was communicated to the government in October, 2001 in order for Mr. Kattu to gain a work visa.

14. Instead, Mr. Kattu was paid only $10.00 an hour. Although he was required to work 84 hours per week, Plaintiff Kattu was paid at the same hourly rate of $10.00 for all 84 hours, meaning he received no time-and-a half overtime pay, even for the improperly reduced rate.

15. Plaintiff Kattu never received spread-of-hours compensation during his entire employment, even though he worked 12 hours per day, 7 days per week for 10 years.

16. Plaintiff Kattu was underpaid by approximately $78,962 per year.

## PLAINTIFF KING

17. Plaintiff King was employed by Defendant for 8 months starting in 2008 and going into 2009, working 10 hour days, 7 days a week. Throughout her employment she was paid the minimum wage.

18. Furthermore, throughout the time Plaintiff King worked for Defendant, she worked roughly 70 hours per week, yet was paid the same hourly rate when she should have received a time-and-a-half overtime rate. She was never paid overtime.

19. Plaintiff King was underpaid by approximately $4,000.

## PLAINTIFF MIAN

20. Plaintiff Mian worked for Defendant from August through December for 5 months in 2002, from September through July for 11 months in 2006 through 2007, and From September through November for 3 months in 2008.

21. Throughout her employment, Plaintiff Mian worked 7 days a week for at least 12 hours per day. On Mondays she worked 16 hours. Throughout her employment she was paid the minimum wage. She was never paid overtime.

22. Using the formula described in paragraph 12, Plaintiff Mian's lost income can be calculated by subtracting what her documented earnings from her W-2's were from what she should have made during the time she worked for Defendant in a given year.

23. Plaintiff Mian was underpaid more than $14,000.

## PLAINTIFF PATEL

24. Plaintiff Patel worked for Defendant from January 2009 until November 2011. As a cashier and floor clerk, Patel worked 72 to 84 hours in a week, and worked 6 days a week. Thus, Patel worked anywhere from 12 to 14 hour days making $7.25 per hour.

25. Plaintiff did not receive the minimum legal mandate of time and a half for any of his hours worked.

26. Plaintiff Patel continually asked for a raise because of the number of hours he worked and the failure to pay overtime wages, but never got one.

27. Plaintiff was underpaid by at least $11,000 and perhaps more than $15,000.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this case as representatives of a class of all other persons similarly situated. Plaintiffs' FLSA claim is brought as a collective action pursuant to 29 U.S.C. §216(b) and their state law claim is brought under Rule 23 of the Federal Rules of Civil Procedure.

29. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, plaintiff seeks the certification of a class of all person who, during the relevant

periods of limitations have been employed by Defendant in a similar scope, have not been paid the proper hourly rate, worked overtime as defined by the FLSA and the NYLL, have not been paid the requisite overtime wage, and who have not received spread-of-hours compensation.

30. The class is so numerous, as there have been well over 100 employees of Defendant who have been treated similarly, as to make it impracticable to join all members of the class as plaintiffs.

31. Defendant has acted on grounds applicable to all class members.

### FIRST CAUSE OF ACTION-FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207

32. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiffs and class members are entitled to overtime wages of one and one-half times their regular hourly rates for each hour worked in excess of forty hours in a given week.

34. Plaintiffs and class members were never paid such overtime wages.

35. As a direct result of Defendant's willful failure to pay overtime wages pursuant to the FLSA, plaintiffs and class members have lost wages, and other employment benefits, and Defendant owes plaintiffs and other class members the overtime wages and liquidated damages mandated by the FLSA, 29 U.S.C. § 207 and § 216(b).

### SECOND CAUSE OF ACTION-FAILURE TO PAY OVERTIME WAGES PURSUANT TO 12 NYCRR § 146-1.4

36. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiffs and class members are entitled to overtime wages of one and one-half times their regular hourly rates for each hour worked in excess of forty hours in a given week.

38. Plaintiffs and class members were never paid such overtime wages.

39. As a direct result of Defendant's willful failure to pay overtime wages pursuant to the 12 NYCRR § 146-1.4, plaintiffs and class members have lost past and future wages, and other employment benefits.

40. Defendant owes plaintiffs and other class members the overtime wages and liquidated damages mandated by, 12 NYCRR § 146-1.4, §§ 198(1-a) and 663(1) of NYLL.

### THIRD CAUSE OF ACTION-BACK PAY AND LIQUIDATED DAMAGES FOR UNDERPAYING PLAINTIFF'S WAGES PURSUANT TO NYLL §§ 198(1-a) AND 663(1)

41. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

42. Plaintiffs and class members are entitled to overtime wages of one and one-half times their regular hourly rates for each hour worked in excess of forty hours in a given week, as well as liquidated damages.

43. Plaintiffs and class members were never paid such overtime wages.

44. As a direct result of Defendant's willful failure to pay overtime wages Defendant owes plaintiff's and other class members the overtime wages and liquidated damages mandated by, 12 NYCRR § 146-1.4, §§ 198(1-a) and 663(1) of NYLL.

WHEREFORE, Plaintiffs request relief as hereinafter provided:

a) Allow this case to proceed as a class action with plaintiffs as class representatives;

b) Enter judgment declaring the acts and practices of Defendant to be in violation of the FLSA and the law of the State of New York;

c) Enter judgment ordering Metro Petroleum Inc. to assign Plaintiff's their proper wage rates (for Kattu, his promised wage of $22.25 per hour).

d) Award plaintiffs the wages and overtime plaintiffs did not receive while employed by Defendants as set forth above.

e) Award plaintiffs back pay to compensate for the wages and overtime compensation plaintiffs did not receive while employed by Defendant as set forth more fully above (for Kattu, approximately $789,620, for King, approximately $4,000, for Mian, approximately $14,000, and for Patel, approximately $15,000);

f) Award plaintiff liquidated damages;

g) Award plaintiffs the cost of this action, together with reasonable attorney's fees and interest;

h) Such other and further relief as this court may deem just and proper.

Dated: Cheektowaga, NY
January 19, 2012

s/Harvey P. Sanders
Harvey P. Sanders, Esq.
Attorney for Plaintiff
401 Maryvale Drive
Cheektowaga, NY 14225
(716) 839-1489