UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

ANAND KATTU, PATRICIA KING,
MEGHAN MIAN, and ROMESH PATEL
individually and on behalf of all others
similarly -situated,

                              Plaintiffs,

                                                      **DECISION AND ORDER**
                                                      12-CV-54-A

          v.

METRO PETROLEUM, INC.,
                              Defendant.

─────────────────────────────────

          This action seeks unpaid overtime wages under the Fair Labor Standards

Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law § 650 *et seq.*, and is within

the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs

Anand Kattu, Patricia King, Meghan Mian, and Romesh Patel are former

employees of defendant Metro Petroleum, Inc., an operator of convenience stores,

who allege that they, and others who are similarly situated, are entitled to unpaid

overtime wages, liquidated damages, interest, attorney fees, and declaratory relief.

          Defendant Metro Petroleum has moved to dismiss the complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the bulk of

plaintiffs' federal-law claims are barred by the statute of limitations, and that the

Court should not exercise supplemental jurisdiction over any remaining state-law

claims.  Despite the strict pleading standards of *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plaintiffs are not

required to plead facts in a complaint to rebut a potential statute of limitations defense, an affirmative defense that is waived by a defendant if it is not alleged in an answer.  *See DeJesus v. HF Management Services, LLC*,  Dkt. No. 12-4565, slip op. at 18 n.7 (2d Cir. Aug. 5, 2013); Fed. R. Civ. P. 8(c)(1); *Litton Indus., Inc., v. Lehman Bros. Kuhn Koed Inc.*, 967 F.2d 742, 751-52 (2d Cir. 1992).  Although plaintiffs' federal claims may later be shown to be barred by a statute of limitations in whole or in part, defendant's motion pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted is denied.

## DISCUSSION

**The Rule 12(b)(6) Standard.**  When deciding a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,  "a court must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  When evaluating the factual allegations of a complaint, a court is required to draw "all reasonable inferences in favor of the plaintiff." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 730 (2d Cir. 2013).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible of its

face." *Iqbal*, 556 U.S. at 678 (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id.* "[O]nly a complaint that states a plausible claim to relief survives a motion to dismiss." *Id.* at 679.

To determine "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

**Elements of an FLSA Overtime-Wage Claim.** The Fair Labor Standards Act ("FLSA") provides that

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). An FLSA collective action overtime-wage claim has four elements: First, there must be "an employee-employer relationship" between plaintiff and defendant. *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007); 29 U.S.C. § 207(a)(1). Second, the FLSA applies only to "employees whose work involved some kind of interstate activity." *Zhong*, 498 F.Supp.2d at 628. Third, the complaint must allege the number of hours worked and the amount of unpaid wages. *Zhong*, 498 F.Supp.2d at 628; *see also DeJesus v. HF Management Services, LLC*, Dkt. No. 12-4565, slip op. (2d Cir. Aug. 5,

2013).  Fourth, if a plaintiff brings a collective action on behalf of others who are

similarly situated,  "the complaint should indicate who those other employees are,

and allege facts that would entitle them to relief."  *Id.*; 29 U.S.C. § 216(b); *see also*

*Peck v. Hillside Children's Center*, 915 F.Supp.2d 435, 437 (W.D.N.Y. 2013) (*citing*

*Zhong*, with a two-elements formulation of a valid FLSA overtime-wage claim).

**Facts.**  Accepting the factual allegations of plaintiffs Kattu, King, Mian, and

Patel in the complaint as true, *Ashcroft v. Iqbal*, 556 U.S. at 678, defendant Metro

Petroleum is a corporation organized and incorporated under the laws of New York

State which operates several convenience stores across New York State, including

one in Buffalo, New York, that sell gasoline, lottery tickets, groceries, and cash

checks.

Plaintiffs Kattu, King, Mian, and Patel were all previously employed by

defendant Metro Petroleum and worked at the store in Buffalo, New York.

Throughout their employment with defendant, plaintiffs worked different hours, at

different hourly wages, and for different periods of time.  However, all plaintiffs

routinely worked in excess of forty hours per workweek and never received

overtime wages from defendant for all the overtime hours they worked.

Based on the wages of each plaintiff, and the number of overtime hours

each worked, each plaintiff was underpaid by a different amount.  Plaintiff Kattu

was underpaid by approximately $78,962 annually over the approximate ten-year

period of his employment.  Plaintiff King was underpaid by approximately $4,000

during her eight-month period of employment by defendant.  Plaintiff Mian was

underpaid by approximately $14,000 during her period of employment by

defendant.  Plaintiff Patel, who worked 12- to 14-hour days, six days a week, was

underpaid by at least $11,000, and by as much as $15,000, during his employment

with defendant.

Plaintiffs Kattu, King, Mian, and Patel commenced this action by filing their

complaint on January 20, 2012.  Dkt. No. 1.[1]  Although plaintiffs' total monetary

claims for compensation, liquidated damages, and interest are not specifically set

forth in the complaint, it appears that they exceed $3 million.  *See* Dkt. No. 8-1.

**The FLSA Claim in the Complaint.**  In order to survive defendant Metro

Petroleum's motion to dismiss, plaintiffs' complaint must allege facts sufficient to

support the four elements of a collective FLSA overtime-wage claim.  Fed. R. Civ.

P. 12(b)(6).  Plaintiffs have specifically alleged facts to establish that defendant

Metro Petroleum was  "an 'employer' and an 'enterprise engaged in commerce or

in the production of goods for commerce," satisfying the first two elements of a

FLSA overtime-wage claim.  Dkt. No. 1, ¶¶ 3–7.  Plaintiffs have also fairly

---

[1]  Since the complaint was docketed, there was a Clerk's Entry of Default, Dkt. No. 7, a Motion for a Default Judgment, Dkt. No. 8, which was delayed because of potential counsel conflict-of-interest issues, *see* Minute Entry July 13, 2012, and by negotiations among the parties, *see* Dkt. Nos. 10-14, which were followed by a Motion to Set Aside the Default, Dkt. No. 14, and, eventually, a Stipulation, Dkt. No. 17, to set aside the entry of default and withdrawing the Motion for Default Judgment.  Counsel and proposed substitute counsel for defendant Metro Petroleum are directed to attend to Text Order 26, entered July 1, 2013, regarding an unresolved substitution-of-counsel issue by no later than August 20, 2013, so that the action may proceed without unnecessary delay.

specifically alleged the number of hours that each plaintiff worked, and the amount of unpaid overtime compensation that each plaintiff is owed.  Dkt. No. 1, ¶¶ 12–27. These allegations satisfy the third element of a FLSA overtime-wage claim.  *See Zhong v. August August Corp.*, 498 F.Supp. 2d 625, 628 (S.D.N.Y. 2007).  Finally, plaintiffs have alleged generally that there are other persons similarly situated to plaintiffs, who were also employed by defendant Metro Petroleum in similar positions, who worked overtime, but were not paid overtime wages.  These allegations are sufficient to satisfy the fourth element of a FLSA collective overtime-wage claim.  Dkt. No. 1, ¶¶ 28–30.[2]  For these reasons, plaintiffs' complaint alleges the elements necessary to state an overtime-wage claim upon which relief can be granted under the FLSA.

**Statute of Limitations.**  Under the FLSA, when a party fails to file an action to recover unpaid overtime compensation  "within two years after the cause of action accrued,"  the opposing party can interpose a statute of limitations affirmative defense.  29 U.S.C. § 255(a).  "[A] cause of action arising out of a willful violation [of the requirement to pay overtime compensation] may be begun within three years after the cause of action accrued."  29 U.S.C. § 255(a).

Defendant Metro Petroleum argues that most of plaintiffs' 29 U.S.C. § 207

---

[2]  While plaintiffs assert they are representatives of a collective and a class action, they have not yet been required to file a motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b), or for certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court does not address whether a collective or class action is appropriate. *See Peck v. Hillside Children's Center*, 915 F. Supp.2d 435, 438-39 (W.D.N.Y. 2013).

overtime-wage claims should be dismissed pursuant to Rule 12(b)(6) because

plaintiffs' claims are time barred by either the two- or the three-year statute of

limitations period applicable under the FLSA.  Defendant stresses that the

complaint shows that only plaintiffs Kattu and Patel, and possibly plaintiff King,

were employed by defendant beyond January 20, 2009, which is the latest possible

bar date three years prior to the filing of the complaint on January 20, 2012.  Dkt.

No. 19-3, p. 4.

     In response to defendant Metro Petroleum's motion to dismiss, plaintiffs

argue that the statute of limitations in this case should be equitably tolled to the first

time plaintiffs were not paid overtime.  Dkt. No. 23, p. 4.[3]  Defendant Metro

Petroleum, in reply, asserts that plaintiffs' equitable tolling argument is unsupported

by facts alleged in the complaint.  Defendant also argues plaintiffs can present no

further facts in support of their argument because the Rule 12(b)(6) standard

requires evaluation of the claim be limited to the factual allegations in their

complaint.  Dkt. No. 24, pp. 2–3.

     It is well established that  "[c]omplaints need not anticipate, or attempt to

plead around, potential affirmative defenses."  *High Falls Brewing Co., LLC v.*

---

[3]  In claiming equitable tolling, plaintiffs raise two arguments in their Memorandum of Law in Opposition to Defendant's Motion to Dismiss that were not supported by factual allegations in plaintiffs' complaint.  First, plaintiffs assert that they acted diligently throughout the course of their employment, but defendant Metro Petroleum prevented them from knowing their rights under the Fair Labor Standards Act.  Dkt. No. 23, p. 4.  Second, plaintiffs assert that defendant failed to post a required notice advising plaintiffs of their rights under the Fair Labor Standards Act.  Dkt. No. 23, p. 6.

*Boston Beer Corp.,* 852 F.Supp. 2d 306, 310 (W.D.N.Y. 2011).  As an affirmative

defense, a statute of limitations defense must be alleged by a defendant in a

pleading or it is deemed waived.  Fed. R. Civ. P. 8(c)(1); *Litton Indus., Inc., v.*

*Lehman Bros. Kuhn Koed Inc.*, 967 F.2d 742, 751-52 (2d Cir. 1992)  ("A claim that

a statute of limitations bars a suit is an affirmative defense, and, as such, it is

waived if not raised in the answer to the complaint."  *Id.*); *see United States v.*

*Landau,* 155 F.3d 93, 107 (2d Cir. 1998) (statute of limitations defense waived

when only raised in a motion for summary judgment).  Accordingly,  "a statute of

limitations is an affirmative defense that need not be addressed in the complaint,"

and plaintiffs are not required to allege facts in their complaint to rebut a potential

statute of limitations affirmative defense that might be waived.  *E.E.O.C. v. Elmer*

*W. Davis, Inc.*, No. 07-CV-6434 (CJS), 2008 WL 4415177 *6 (W.D.N.Y. Sept. 24,

2008).

Requiring plaintiffs to allege in a complaint facts sufficient to overcome a

statute of limitations affirmative defense would shift the burden to raise and prove

the affirmative defense from defendants, as the burden is allocated and imposed

by Rule 8(c)(1) of the Federal Rules of Civil Procedure, to plaintiffs.  The standards

of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) require the plaintiffs to plead a plausible, well-founded

cause of action, but do not justify shifting the burden of raising the defense from the

defendant to plaintiffs in contravention of Rule 8(c)(1).   *See DeJesus v. HF*

8

*Management Services, LLC*,  Dkt. No. 12-4565, slip op. at 18 n.7 (2d Cir. Aug. 5, 2013).

Determining a statute of limitations defense ordinarily  "requires a consideration of the merit of both parties' claims and defenses." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 83 (E.D.N.Y. 2011) (*quotations omitted*). Because the defense requires consideration on the merits, it is heavily fact dependent, which makes a statute of limitations  "[d]ismissal under Rule 12(b)(6) . . . irregular." *E.E.O.C.*, 2008 WL 4415177 *6 (*citing U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir.2004)).  Ordinarily, dismissal of a claim at the complaint stage based on a statute of limitations affirmative defense  "is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

As plaintiffs stress, a statute of limitations affirmative defense, if not waived, may be equitably tolled  "to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996); *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 967 (2d Cir.1980).  Equitable tolling  "extend[s] the statute of limitations beyond the time of expiration." *Johnson*, 86 F.3d at 12.  "Ordinarily, equitable tolling is an issue determined on a motion for summary judgment or at the time of trial since it is heavily fact dependent". *Kai Yan Lai v. Wai Mon Leung*, No. CV 11-3561 (SJ) (MDG), 2012 WL 4472155 at *5 (E.D.N.Y. Aug. 31, 2012) (Report and

9

Recommendation *adopted by Kai Yan Lai v. Wai Mon Leung,* NO. 11-CV-3561 SJ
MDG, 2012 WL 4472143 (E.D.N.Y. Sep 26, 2012)) .

In this action, some of plaintiffs' claims may have accrued before the two- or
three-year statute of limitations bar date, but plaintiffs sufficiently raise equitable
tolling in response to defendant Metro Petroleum's Rule 12(b)(6) motion to dismiss
to avoid the dismissal of their claims for failure to state a claim.  In light of plaintiff's
response to the motion to dismiss, it is not clear from the complaint that any of
plaintiffs' claims are time-barred.  On the other hand, undisputed facts may later
justify a motion for summary judgment to significantly narrow the issues for trial.  At
this juncture, the Court will not shift the burden of pleading and proving facts that
underlie the potential statute of limitations defense, a defense that is waived if not
alleged in an answer, from defendant to plaintiffs.  *See In re South African Aparteid
Litigation*, 617 F.Supp.2d 228, 287 n. 368 (S.D.N.Y. 2009)).[4]  Defendant's motion
to dismiss plaintiffs' FLSA overtime-wage claims pursuant to Rule 12(b)(6) for
failure to state a claim upon which relief can be granted is therefore denied.

## CONCLUSION

For the foregoing reasons, the motion of defendant Metro Petroleum, Inc. to
dismiss the complaint of plaintiffs Anand Kattu, Patricia King, Meghan Mian, and
Romesh Patel pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

---

[4] Defendant's contentions that plaintiffs' equitable tolling arguments are invalid as a
matter of law are insufficient to prompt the Court *sua sponte* to exercise its discretion to convert
defendant's Rule 12(b)(6) motion to dismiss to a motion for partial summary judgment under
Rule 56 of the Federal Rules of Civil Procedure.

failure to state a Fair Labor Standards Act overtime-wage claim under 29 U.S.C. §

207 is denied.  In light of this ruling, defendant's motion for dismissal of the state-

law claims of plaintiffs for lack of supplemental jurisdiction pursuant to 28 U.S.C. §

1367 is also denied.

Upon random assignment by the Clerk of the Court, the action is referred to

Magistrate Judge Hon. Leslie G. Foschio.  The Magistrate Judge is hereby

designated to act in this case as follows:  Pursuant to 28 U.S.C. § 636(b)(1)(A) and

(B), all pre-trial matters in this case are referred to the above-named United States

Magistrate Judge, including but not limited to:  (1) conduct of a scheduling

conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16; (2)

hearing and disposition of all non-dispositive motions or applications; (3)

supervision of discovery; and, (4) supervision of all procedural matters involving

the aforementioned or involving the preparation of the case or any matter therein

for consideration by the District Judge.  The Magistrate Judge shall also hear and

report upon dispositive motions for the consideration of the District Judge pursuant

to 28 U.S.C. § 636(b)(1)(B) and (C).  All motions or applications shall be filed with

the Clerk and made returnable before the Magistrate Judge.

The parties are encouraged to consider the provisions of 28 U.S.C. § 636(c)

governing consent to either partial or complete disposition of the case, including

trial if necessary, by the Magistrate Judge.  Consent forms are available from the

office of the Magistrate Judge or the office of the Clerk of Court.

SO ORDERED.

_s / Richard J. Arcara_

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 6, 2013